CHARLES H. TUBMAN, PLAINTIFF-APPELLEE, v. MATILDA HAEHNER, DEFENDANT-APPELLANT.

Submitted December 3, 1923—Decided March 12, 1924.

Contracts—Execution—Evidence Showed That Defendant Did Not Sign Nor Was Her Name Signed With Her Consent, But Against Her Expressed Judgment, By Her Son, Who Did So at Request of Plaintiff—Nonsuit or Direction of Verdict Should Have Been Granted.

On appeal from the Camden City District Court.

Before Justices TRENCHARD, PARKER and CAMPBELL.

For the plaintiff-appellee, *Walter S. Keown.*

For the defendant-appellant, *Wescott & Weaver.*

PER CURIAM.

This was an action tried in the Camden City District Court. Plaintiff sought to recover damages for the breach of an alleged written contract for the construction of sidewalks in front of the lands of defendants. The cause was tried without a jury and as the testimony was not taken down stenographically, the facts are before us by a "finding of facts" certified by the trial judge, from which it appears that at the trial the plaintiff offered in evidence a written paper, the alleged contract upon which he sued, and testified that one of the signatures thereto was his.

Defendant, being called as a witness by plaintiff, testified that the other signature to the paper was not hers and was not placed thereon by her authority or consent, and that she made no contract with the plaintiff, that her son, who wrote the contract, had a talk with her, but she did not sign the paper and would not consider doing so until her older son came home, and that the conversation with the younger son, who signed her name to the paper, took place before he so signed the paper.

This seems to have been all the proof of the alleged written contract made by the plaintiff.

A motion to nonsuit was made upon the ground that no contract had been proved.

The motion was denied and an exception taken.

We think from the facts as they are before us that there was no evidence of the execution of the alleged written agreement by the defendant and the motion for nonsuit should have been granted.

Nor was such evidence supplied upon defendant's case. Defendant's son, nineteen (19) years of age, testified that he wrote the contract at the dictation of the plaintiff; that he signed defendant's name thereto because plaintiff told him to do so and he thought it proper so to do, although he had no authority from his mother, the defendant, so to do. A Mr. Adams, a carpenter, testified that while repairing a window in defendant's home he heard plaintiff dictate the contract to defendant's son and heard him tell the son to

sign his mother's name thereto; that defendant was not in the room at the time the paper was written and signed and did not authorize her son to place her name thereon.

A motion for direction of verdict was made upon the ground that no written contract binding upon defendant had been proved.

The motion was denied and an exception taken.

As we have already said, at the end of plaintiff's case there was no evidence of a binding character, of the execution by defendant of the alleged written contract, and the request to nonsuit should have been granted. Such was also the situation at the end of the whole case. The proper proof of a written agreement was essential to the right of plaintiff to have a recovery. The only contract he alleged in his state of demand was a written contract, and so far as the proofs are before us, this is the only contract he undertook to establish.

In that he indubitably failed and the motion to direct a verdict in favor of the defendant should have been granted.

Upon either or both grounds the judgment below must be and is reversed and a *venire de novo* awarded.